**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1277**

ANGELA MORRALL,

                Plaintiff - Appellant,

      v.

ROBERT M. GATES,

                Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:07-cv-02097-RWT)

Submitted: March 16, 2010          Decided: March 19, 2010

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David A. Branch, LAW OFFICES OF DAVID A. BRANCH, P.C., Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Melanie L. Glickson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela Morrall, an African-American female, appeals from the district court's adverse grant of summary judgment and dismissal of her action alleging that her former employer, Robert Gates, Secretary of the Department of Defense, discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006) and 42 U.S.C. § 1981 (2006), when it terminated her employment allegedly based upon her race. Our review of the record and the district court's opinion discloses that this appeal is without merit.

We conclude that the district court correctly determined that Morrall failed to establish a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005). Specifically, relevant to the third prong of her prima facie case, the undisputed evidence established that Morrall, who was employed for less than one year and was terminated during her probationary period, was not performing her job duties at a level that met her employer's legitimate expectations at the time she was terminated. The record demonstrates that she demonstrated disrespectful and disruptive conduct. Her relationship with her supervisors was difficult, and her employment was fraught with her written and verbal

2

complaints about a broad variety of subjects.[1]  Whether an employee is performing at a level that meets legitimate expectations is based on the employer's perception, and Morrall's own, unsubstantiated assertions to the contrary are insufficient to stave off summary judgment.  King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003).  Plus, even if Morrall had established a prima facie case of race discrimination, she failed to establish that her employer's legitimate, nondiscriminatory reason for terminating her employment, namely her insubordination, was pretextual.  See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991).[2]

---

[1] While Morrall attempts to argue that other similarly-situated employees were treated more favorably than she following episodes of insubordination, as the district court correctly held, the two individuals identified by Morrall were not similarly-situated because there was no evidence that they were probationary employees at the time of their alleged misconduct.  See, e.g., George v. Leavitt, 407 F.3d 405, 415 (D.C. Cir. 2005).

[2] Nor did Morrall establish viable claims of retaliation or hostile work environment under Title VII, even assuming, arguendo, that such claims were properly exhausted.  Her claim of retaliation fails because her first EEO contact occurred after her termination, such that any claim of alleged retaliatory conduct based upon that contact fails as a matter of law, see Anderson v. G.D.C., Inc., 281 F.3d 452, 458 (4th Cir. 2002), and because she failed to demonstrate that any other complained-of conduct by the employer was retaliatory for any other protected activity, see King v. Rumsfeld, 328 F.3d at 150-51.  Nor has Morrall established that the employer's conduct was sufficiently extreme to establish an actionable hostile work (Continued)

3

We review for abuse of discretion the district court's denial of Morrall's request for additional discovery prior to granting summary judgment. See Strag v. Bd. of Trs., 55 F.3d 943, 952-53 (4th Cir. 1995). Here, the district court permitted Morrall to obtain certain additional discovery, some, but not all, of which Morrall did. It is evident that, prior to ruling on the employer's summary judgment motion, the district court considered and granted some of Morrall's requested discovery, and reviewed the extensive factual record fully developed at the administrative level, as well as the additional discovery provided by both parties. We cannot say that there was any abuse of discretion by the district court in its limitation on Morrall's requested discovery. See id.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

--------

environment claim. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). Moreover, we agree with the district court that, while Morrall established the existence of misunderstandings relating to the proper classification of her job, she failed to establish racial discrimination related thereto.

4